never contended that he had any proprietary or possessory interest in either the Pontiac or the marijuana. He was not on the "premises" which were searched. Miller was alone in the car. Nor does appellant's conviction flow from possession of the seized marijuana. He was charged with conspiracy to smuggle and transport not possession of marijuana. We have held that a defendant " * * * who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else," may not challenge the constitutional validity of that search and seizure. Diaz-Rosendo v. United States, 357 F.2d 124, 132 (9th Cir. 1966). *Accord,* United States v. Conrad, 448 F.2d 271 (9th Cir. 1971). Appellant is not a "person aggrieved by an unlawful search and seizure" within the scope of Fed.R.Crim.P. 41(e). *See* Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

The evidence adduced at trial was sufficient to support conviction on all counts.

Affirmed.

**Winifred Huey KIMMONS, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 71–2530**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1971.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

H. Clay Mitchell, Jr., Pensacola, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen. of Fla., Wallace E. Allbritton Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**Elmer Sterling EDWARDS et al., Petitioners-Appellants,**

**v.**

**INTENDANCY OF UNITED STATES PENITENTIARY, Atlanta, Georgia, et al., Respondents-Appellees.**

**No. 71–2307**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 430 F.2d 966.